# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN E. CRAIG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-955 NAB |
| ) | |
| MARK STRINGER[1], ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This action is before the court upon Petitioner Brian E. Craig's (Craig) Petition for Writ of Habeas Corpus (Petition) pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Mark Stringer ("Respondent") filed a response. [Doc. 13.] The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 17.] For the reasons set forth below, the Petition will be denied.

## I.  Background

In 1994, an Iowa court convicted Craig of assault with intent to commit sexual abuse and cause bodily injury. In 2004, the State of Missouri charged Craig with first-degree child molestation. Craig pleaded guilty to the charge. The trial court sentenced Craig to seven years imprisonment, but suspended execution of the sentence and placed him on probation for five years. The trial court subsequently revoked Craig's probation and ordered execution of the sentence. Shortly before Craig's scheduled release from prison in 2010, the State of Missouri filed a petition asserting that Craig was a sexually violent predator and requesting the trial court

---

[1] Mark Stringer was appointed the new Director of the Missouri Department of Mental Health in June 2015 upon the retirement of Keith Schafer. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent is the state officer who has custody. Therefore, the Clerk of Court is ordered to add Mark Stringer as the Respondent and remove Keith Schafer's name.

to commit him to the custody of the Department of Mental Health. The trial court scheduled the matter for a jury trial[2].

On January 12, 2012, a jury found Craig to be a sexually violent predator. (Resp't Ex. B at 102.) Upon the jury's verdict, the state trial court entered a judgment finding that Craig was a sexually violent predator and committed him to the custody of the Department of Mental Health for control, care, and treatment until such time as Craig's mental abnormality has so changed he is safe to be at large. (Resp't Ex. B at 104.) Craig then filed a Motion for Judgment Notwithstanding the Verdict or in the alternative Motion for a New Trial. (Resp't Ex. B at 106.) On April 9, 2012, the trial court denied the motion[3]. (Resp't Ex. B at 119.) Craig appealed the denial to the Missouri Court of Appeals, which affirmed the denial on April 16, 2013. (Resp't Ex. E.) Craig filed the Petition in this court on April 29, 2013.

## II. Standard of Review

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino v. Thaler*, 133 S.Ct. 1911, 1917 (2013). The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In

---

[2] These facts are taken directly from the Supplemental Memorandum accompanying the Missouri Court of Appeals decision in Craig's direct appeal. *See* Resp't Ex. E. A state court's determination of a factual issue made by a State court shall be presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254.
[3] The order denying the Motion for Judgment Notwithstanding the Verdict is not included in the record. The Court cites to Craig's motion to perfect appeal as a poor person for this information. (Resp't B at 119.)

2

conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The United States Supreme Court has held that habeas review is available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt. *Duncan v. Walker*, 533 U.S. 167, 171 (2001).

**III. Discussion**

Craig presents three claims for review. First, he asserts that the state court erred in the admission, over his objection, to testimony of Dr. Steffan regarding his legal interpretation of *Murrell v. State of Missouri*, 215 S.W.3d 96 (Mo. 2007), which Craig claims violates his rights to due process, a fair trial, and a fair and impartial jury. Craig contends that Dr. Jarrod Steffan was not qualified as an expert in providing a legal analysis of case law. In his second and third claims, Craig contends that the trial court erred in admitting the testimony of Dr. Randy Telander and Dr. Kimberly Weitl, because their testimony regarding a rule out diagnosis of pedophilia was irrelevant to any material issue in the case and was designed to inflame the passions of the jury. Respondent contends that the Petition fails to rise to the level Congress requires for issuing a writ of habeas corpus.

### A. Dr. Jarrod Steffan's Testimony

First, Craig contends that the Court erred in allowing the state's attorney to question Dr. Jarrod Steffan referencing specific Missouri case law. Dr. Steffan testified on Craig's behalf during his civil commitment trial. During cross-examination, over Craig's counsel's objection, the following exchange occurred between the state's attorney and Dr. Steffan:

> **State's attorney**: As part of forensic analysis in the field of psychology, you're responsible for being familiar with Missouri Law?
>
> **Dr. Steffan**: Yes.
>
> **Q**: And Missouri statutes concerning sexually violent predators?
>
> **A**: Yes. We need to be familiar with the laws to which we're applying our work.
>
> **Q**: And as such, you would study those laws and cases in order to adequately – to prepare yourself for Missouri law as applied to, for example, antisocial personality disorder?
>
> **A**: You try to know as much information as you can about that.
>
> **Q**: And you have reviewed cases in Missouri concerning the sexually violent predator process?
>
> **A**: Yes. I have.
>
> **Q**: And you have reviewed cases concerning antisocial personality disorder as a mental abnormality in Missouri courts?
>
> **A**: Yes. I've reviewed those cases.
>
> **Q**: Okay. And you've reviewed Murrell v. State[4]?

---

[4] *Murrell v. State*, 215 S.W.3d 96 (Mo. banc 2007) (antisocial personality disorder qualifies as a mental abnormality within the meaning of Missouri's statutory law, if it is linked to past sexually violent behavior).

> **A**. Yes. I have.
>
> …
>
> **Q**: And does that concern an antisocial personality disorder as a mental abnormality?
>
> **A**: Yes, it does.
>
> **Q**: And that-- you're aware then that Missouri law has found antisocial personality disorder to be a qualifying mental abnormality?
>
> **A:** Yes. And I'm not stating that antisocial personality disorder is not a possible mental abnormality. I'm saying that in this particular case, given the facts of the case, it does not qualify Mr. Craig as having a mental abnormality.

(Resp't Ex. A at 346, 349.) Craig asserts that the civil commitment court erred in overruling his objection to Dr. Steffan's testimony, because the admission of the testimony deprived him of his rights to due process, a fair trial, and a fair and impartial jury.

"In the habeas context, rules of evidence and trial procedure are usually matters of state law." *Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir. 2006). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. "A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Bucklew*, 436 F.3d at 1018.

> A petitioner must show more than error requiring reversal on direct appeal to obtain relief. He must show that the alleged error rendered the trial fundamentally unfair- that there is a reasonable probability that the error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety, the verdict probably would have been different.

*Carter v. Armontrout*, 929 F.2d 1294, 1296 (8th Cir. 1991). In making this determination, the federal habeas court "must review the totality of the facts in the case and analyze the fairness of the particular trial under consideration." *Hobbs v. Lockhart*, 791 F.2d 125, 128 (8th Cir. 1986). "Rulings on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation." *Nebinger v. Ault*, 208 F.3d 695, 697 (8th Cir. 2000). The Missouri Court of Appeals held that the trial court did not abuse its discretion in permitting the state to cross-examine Dr. Steffan regarding whether, under *Murrell*, antisocial personality disorder qualified as a mental abnormality. (Resp't Ex. E at 8.) The state appellate court held that where an expert in a sexually violent predator case testifies that court cases helped form the basis of his professional opinion as to what qualifies as a mental abnormality under Missouri law, cross-examination of the expert regarding those cases is admissible. (Resp't Ex. E at 7.) *See In re Care and Treatment of Spencer*, 123 S.W.3d 166, 168 (Mo. banc 2003).

In this case, Dr. Steffan testified during direct examination that he was a forensic psychologist and in that job he applied psychology to legal questions. (Resp't Ex. A at 314-15.) Dr. Steffan testified that as Craig's expert, he was asked to determine whether Craig met the criteria of a sexually violent predator under Missouri law. (Resp't Ex. A at 319, 321-22, 324.) Dr. Steffan testified on direct and cross-examination regarding his opinion that Craig's antisocial personality did not meet the definition of a mental abnormality for a sexually violent predator. (Resp't Ex. A at 334, 349.) Based on the foregoing, the Court finds that Craig has not shown a constitutional violation in the admission of Dr. Steffan's testimony. Dr. Steffan gave the same testimony on direct and cross-examination. The specific reference to *Murrell* during cross-examination does not change the substance of Dr. Steffan's opinion that he gave on direct

examination. Craig has failed to establish the violation of any constitutional right. Furthermore, if the Court had erred in allowing the state's attorney to reference *Murrell*, Craig has failed to show that the outcome of his civil commitment trial would have been different absent the reference. Therefore, the Court will deny relief on this claim.

### B.     Dr. Randy Telander and Dr. Kimberly Weitl's Testimony

Craig's second and third claims for review concern the testimony of Dr. Randy Telander and Dr. Kimberly Weitl. Dr. Telander and Dr. Weitl testified on behalf of the state during Craig's civil commitment trial. Dr. Telander testified that Craig had a rule out diagnosis of pedophilia. (Resp't Ex. A at 203.) Dr. Weitl testified that Craig was arrested before she could make a rule out diagnosis of pedophilia[5] and she diagnosed him with antisocial personality disorder and paraphilia. (Tr. 265-69.) "Rule out in a medical record means that the disorder is suspected, but not confirmed-i.e., there is evidence that the criteria for a diagnosis may be met, but more information is needed in order to rule it out." *Byers v. Astrue*, 687 F.3d 913, 916 n. 3 (8th Cir. 2012). Craig's attorney objected to the doctors' testimony asserting that a "rule out diagnosis cannot be held to a reasonable degree of certainty" and the testimony would violate Craig's due process rights. The Missouri Court of Appeals found that Craig failed to preserve for appellate review whether the doctors' testimony was relevant or inflamed the passions of the jury. The state appellate court held that Craig failed to establish that the rule out diagnoses were unreliable. Finally, the state appellate court found that if the court erred in permitting the doctors to testify to their rule out diagnoses, Craig did not establish prejudice.

Because the state appellate court found that Craig's claims that the doctors' testimony was irrelevant and inflamed the passions of the jury were not preserved for appellate review, this

---

[5] Dr. Weitl testified that a diagnosis of pedophilia requires a six month period of offending and Craig was arrested before a six month time period had occurred. (Resp't Ex. A at 268.)

7

Court cannot review those claims. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Therefore, the Court will address Craig's claims that the doctors' testimony was more prejudicial than probative and unreliable. As stated previously, rules of evidence and trial procedure are usually matters of state law. *Bucklew*, 436 F.3d at 1018. Based on a careful review of the record, the Court finds that Craig has not established a federal constitutional violation. Craig has failed to show that absent the doctors' testimony, the outcome of the trial would have been different. On direct and cross-examination, the doctors provided detailed testimony regarding how they formed their diagnoses including the methodologies used, interviews with Craig, and review of his criminal and mental health records, among other things. As the state appellate court stated, any weaknesses in the doctors' opinions went to the weight that the testimony should be given not its admissibility. In light of the totality of the facts in this case and the overall fairness of this trial, the Court will deny relief on Craig's second and third claims for review.

**IV.    Conclusion**

Based on the foregoing, the Court finds that Craig's request for relief pursuant to 28 U.S.C. § 2254 should be denied. The Court finds that the state court's findings and conclusions regarding Craig's claims were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, because Craig has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. [Doc. 1.]

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Brian E. Craig for a Certificate of Appealability will be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Respondent Mark Stringer for Respondent Keith Schafer.

Dated this 28th day of June, 2016.

                                                   /s/ Nannette A. Baker
                                                  NANNETTE A. BAKER
                                                  UNITED STATES MAGISTRATE JUDGE